## No. 515
### AMICON, et. v. HOLTZ
Ohio Appeals, 6th Dist., Huron Co.

No. 216. Decided March 21, 1927.

297. CONTRACTS—884. Parol Evidence —Where a contract in writing provides for the doing of everything necessary to be done to complete the transaction, parol evidence is not admissable to show an oral agreement made before execution of the written contract.

1277. WORDS AND PHRASES—1. Where a written contract is executed in duplicate and one copy is misspelled and as misspelled is unintelligible, the court should construe the spelling of such word to be a clerical error and to give to the word the ordinary meaning which it has as correctly spelled.

2. Where in a written contract a word is so misspelled as to cause doubt to arise as to its meaning. The meaning of such word may be determined by parol evidence.

First Publication of this Opinion

WILLIAM, J.

The parties to this action entered into a written contract for the sale of onions. The contract was in duplicate. The copies were identical except that in one the word "house" was spelled "huose," and the word "bushel" appears "busho." There was also contention as to the meaning of the word "asebet."

Upon trial of the case below the claim was made by the defendant that the contract contained words, the meaning of which was not clear and also showed upon its face that it was not complete in and of itself, and therefore the defendant had a right to offer oral evidence of conversations that took place during the negotiations and prior to the signing of the contract, which amounted to an oral agreement to the effect that plaintiff was to have a man on the screen to accept the onions when they went into the bag. The trial court admitted much evidence upon the trial as to the meaning of words which were misspelled. Part of the onions were loaded and paid for but were later rejected. The Court of Common Pleas found for the defendant and on error the Court of Appeals reversed the Common Pleas and found as follows:

For the trial court to permit the defendant to show an oral agreement made during negotiations and before execution of the written contract, which would relieve him from these duties imposed by the written contract in whole or in part, was to permit evidence to vary the terms of the written contract.

As to the word "house" and "huose," we think it is apparent that the parties made a clerical error in spelling the word "house" in the one copy and that the court should construe the misspelling of such word to be a clerical error and give to the word the ordinary meaning which it has as correctly spelled.

As to the meaning of the word "asabet," we think doubt arises. In such a case the rule is that the true sense and meaning of a word of doubtful import may be shown by parol evidence.

Judgment reversed.

(Richards and Lloyd, JJ., concur).

Attorneys—W. R. Pruner of Norwalk, and Fred C. Rector of Columbus, for Amicon, et.; Messrs. Young & Young of Norwalk, for Holtz.

## No. 516
### GARDNER v. HOOVER, et.
Ohio Appeals, 3rd Dist., Logan Co.

No. 738. Decided Jan. 25, 1927.

997. REAL ESTATE—Occupying claimants under 11908 GC., et seq. are chargeable with waste even though they are grantees of a tenant in tail.

621. IMPROVEMENTS—Lasting improvements do not need to be indestructible, but must be such as are intended from their nature to be permanent. Houses, barns, tiling, ditching and similar improvements are lasting improvements.

First Publication of this Opinion

WARDEN, J.

This court in a former trial, determined that the plaintiff was the owner in fee simple of an undivided one-half interest in certain land, subject to the rights of the defendants as occupying claimants, and the case was remanded to the trial court to determine the rights of the respective parties under the provisions of the Code relating to the rights of occupying claimants. Thereafter the case was tried to a special jury of three disinterested farmers.

The jury returned a verdict in accordance with the provisions of the General Code but without taking into consideration, waste, including the value of timber or other valuable material removed or destroyed. Defendant claims error on the ground that the verdict and judgment were against the wieght of the evidence, and that the court erred in the admission of certain evidence and in refusing to admit certain other evidence.

The Court of Appeals reversed the Common Pleas and held as follows:—

1. Plaintiff claims that the improvements which the record shows were upon the land, were not permanent and lasting improvements within the meaning of the Code. We are not in accord with this claim. The lasting improvements do not need to be indestructible, and may be of such a nature that they will depreciate in value. They must be of such a kind and nature as are usually placed upon similar land, and must be such as are intended from their nature to remain on the land for an indefinite period.

2. It is argued by defendants that they are not chargeable with waste for the reason that, as grantees of a tenant in tail, they are entitled to his immunities, and are not so chargeable. The answer to this argument is that they are claiming under the sections of the code describing the rights of occupying claimants, without which provisions they would have no standing in court. These provisions make the tenants chargeable with waste and the defendants cannot claim the benefits and shirk the disadvantages. The court erred in refusing to permit evidence to be introduced tending to show waste and in charging the jury that they could not take into consideration waste committed.

Judgment reversed.

Attorneys—Stickle & Cessna, of Kenton, for Gardner, West & Campbell, of Bellfontaine, for Hoover, et.

Note: Motion to certify overruled, 5 Abs. 400.